IN THE UNITED STATES DISTRICT COURT
		FOR THE NORTHERN DISTRICT OF ILLINOIS
		             EASTERN DIVISION

RAVIRAJ MOHIL, et al., etc.,    )
                                )
             Plaintiffs,        )
                                )
     v.                         )    No. 07 C 1600
                                )
JILL GLICK, et al., etc.,       )
                                )
             Defendants.        )

                        MEMORANDUM ORDER

	This Court owes the parties an apology for its extended further delay in resolving the disputed issue of taxable costs to be levied against plaintiffs.  Factors beyond this Court's control have interfered with resolution of a good many matters that would long since have been disposed of under ordinary circumstances.

	That said, this memorandum order will address the several unresolved issues in the same sequence that they were discussed in Defendants' Additional Reply to Plaintiffs' Response to Defendants' Bill of Costs, filed in response to this Court's May 14, 2012 memorandum order.[1] (citations to which will take the form "Reply" followed by defendants' Roman numeral designations of sections in that document).

	And because defendants have withdrawn their request for reimbursement of computerized legal research costs amounting to

---

	[1] Citations to that filing will take the form "Reply" followed by defendants' Roman numeral designation of a section of that document.

$6,435.86, the starting point for discussion here will be the $15,416.64 aggregate that remains from defendants' original claim.

Reply II deals with the copying expense of records that defendants subpoenaed "to Verify the Accuracy and Completeness of Plaintiffs' Document Production." Here plaintiffs' counsel complain that they had earlier produced to defense counsel the medical records and DCFS file, which in turn contained the Police Department and State's Attorney records--records that turned out to have been fully responsive because the subpoenas brought forth the identical records. Defense counsel respond reasonably that they were not required to take plaintiffs' word for it just because "records produced by Plaintiffs and the records within those records turned out to be complete copies."

That however misses the point--after all, it was of course defense counsel who shaped the content of the demands made in the subpoenas in this case. With substantial sets of documents in hand having been produced by plaintiffs' counsel, and with those photocopied documents having all the indicia of authenticity, it would have been a simple matter for defense counsel to describe the documents sought by subpoena in terms of their generic description <u>except</u> <u>for</u> a listing of the already produced materials. If that had been done, the responses to the subpoenas would have turned up no additional documents, and no photocopying

2

expense would have been incurred to begin with.

In short, there is no reason that plaintiffs should bear the cost of the manner in which the subpoenas were drafted, resulting in a total duplication of documents. That component of the claimed bill of costs should be eliminated.

Reply III addresses "Copying Expense of Medical Records Subpoenaed From Persons Identified in Plaintiffs' Rule 26(a)(1) Initial Disclosures." In that respect defendants argue persuasively for the taxation of those items, and there is no need to elaborate on the matter. No reduction is called for in that respect.

Reply IV speaks to the "Copying Expense of Materials for Defendants' Experts and the Other Witnesses Deposed by Plaintiffs." Here too Defendants' explanation is entirely reasonable, and no reduction is called for.

Reply V addresses the "In-House Copying Expense of Deposition Exhibits." Although defense counsel argues convincingly for the allowability of such expense, the per-page rate of $0.12 exceeds the $.07 to $.08 figure that this Court has encountered in Seventh Circuit opinions. Accordingly the charges in this category should be reduced by one-third.

Reply VI deals with the "Cost of Deposition Transcripts for Deponents Identified in Plaintiffs' Disclosures and in Persons Plaintiffs Deposed." This area of the caselaw on the subject of

costs does not second guess prevailing parties by limiting allowability to depositions actually used or to witnesses other than persons within that party's control.  Instead the test is the perceived reasonable necessity for the deposition when it was taken.  No deduction should be made for these expenses.

    Finally, Reply VII's caption repeats the caption in Reply VI, but it covers a catchall set of Plaintiffs' objections to remaining deposition costs.  Once again Defendants' response is a reasonable one, and no further reduction is called for in this area either.

## Conclusion

    What has been said here resolves the differences between the litigants in each of the previously disputed areas.  Defense counsel is ordered to quantify the end result in accordance with this memorandum order, and plaintiffs are ordered to pay the reduced amount of the bill of costs promptly.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:  July 18, 2012